IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WOODBRIDGE GROUP OF COMPANIES, LLC,<br>*et al.*,'<br><br>Remaining Debtors. | Chapter 11<br><br>Case No. 17-12560 (BLS)<br><br>(Jointly Administered) |
| MICHAEL GOLDBERG, as Liquidating Trustee of the Woodbridge Liquidation Trust, successor in interest to the estates of WOODBRIDGE GROUP OF COMPANIES, LLC, *et al.*,<br><br>Plaintiff,<br><br>v.<br><br>MERCEDES-BENZ INTERNATIONAL SERVICES LTD,<br><br>Defendant. | Adv. Proc. No. 19-50860 (BLS) |

**NON-PARTY MERCEDES-BENZ FINANCIAL SERVICES USA LLC'S RESPONSE TO COMPLAINT FOR AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. 44 544, 548 & 550**

NOW COMES non-party Mercedes-Benz Financial Services USA LLC ("MBFS") and for its response to Plaintiff's Complaint states as follows:

## Nature of the Action

1. The Plaintiff brings this action against the Defendant to avoid and recover certain fraudulent transfers that occurred prior to commencement of the Debtors' bankruptcy cases.

**ANSWER:** Denied as untrue. In further answer, the named defendant, Mercedes-Benz International Services, LTD, does not exist. MBFS is filing this response out of an abundance of caution but expressly preserves all defenses, including the statute of limitations under 11 U.S.C. § 546.

**The Parties**

2. Plaintiff Michael Goldberg is the duly appointed trustee of the Woodbridge Liquidation Trust (the "Trust"), successor in interest to the Debtors. Pursuant to the Paragraph 5.4 of the Plan, the Confirmation Findings (defined below) at paragraphs 13-15, and Article IV of the Liquidating Trust Agreement, the Trustee has the sole authority to pursue claims transferred to the Trust by the Debtors through the Plan and to seek any and all related relief.

**ANSWER:** Admitted.

3. Upon information and belief, Defendant is a limited partnership formed under the laws of the State of New York.

**ANSWER:** Denied as untrue. In further answer, the named defendant, Mercedes-Benz International Services, LTD does not exist. MBFS is filing this response out of an abundance of caution but expressly preserves all defenses, including the statute of limitations under 11 U.S.C. § 546.

**Jurisdiction and Venue**

4. The United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") has jurisdiction over this adversary proceeding under the Bankruptcy Code pursuant to 28 U.S.C. §§ 157(a) and 1334(a).

**ANSWER:** Admitted.

5. This proceeding is a core proceeding within the meaning of 28 U.S.C. § 157(b) and the Bankruptcy Court may enter final orders for the matters contained herein.

**ANSWER:** Admitted.

6. Pursuant to Local Bankruptcy Rule 7008-1, the Plaintiff affirms his consent to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of

the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

**ANSWER:** MBFS neither admits nor denies the allegations in paragraph 6 of the Complaint because they call for a legal conclusion to which no response is required. In further response, MBFS does not consent to the entry of final orders or judgments by this Court.

7. Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

**ANSWER:** MBFS neither admits nor denies the allegations in paragraph 7 of the Complaint because they call for a legal conclusion to which no response is required.

8. This adversary proceeding is commenced pursuant to Rule 7001(1) of the Federal Rules of Bankruptcy Procedure and sections 544, 548 and 550 of the Bankruptcy Code.

**ANSWER:** MBFS neither admits nor denies the allegations in paragraph 8 of the Complaint because they call for a legal conclusion to which no response is required.

**Case Background**

9. Commencing with the first filings on December 4, 2017, and continuing with other filings through March 27, 2018, Debtors Woodbridge Group of Companies, LLC, *et al.* each commenced a case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). The Chapter 11 Cases are jointly administered under Case No. 17-12560 (KJC).

**ANSWER:** MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint.

10. The Plan was confirmed on October 26, 2018 and became effective on February 19, 2019.

**ANSWER:** MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint.

**Facts**

11. Prior to the commencement of the Chapter 11 Cases, the Debtors operated a fraudulent investment "Ponzi Scheme." In its Findings of Fact, Conclusions of Law and Order Confirming the First Amended Joint Chapter 11 Plan of Liquidation of Woodbridge Group of Companies, LLC and its Affiliated Debtors, entered on October 26, 2018 (the "Confirmation Findings"), at paragraph NN, the Bankruptcy Court found as follows:

> NN. Conduct of a Ponzi Scheme. The evidence demonstrates, and the Bankruptcy Court hereby finds, that (i) beginning no later than July 2012 through December 1, 2017, Robert H. Shapiro used his web of more than 275 limited liability companies, including the Debtors, to conduct a massive Ponzi scheme raising more than $1.22 billion from over 8,400 unsuspecting investors nationwide; (ii) the Ponzi scheme involved the payment of purported returns to existing investors from funds contributed by new investors; and (iii) the Ponzi scheme was discovered no later than December 2017.

**ANSWER:** MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint.

12. Defendant was in the business of providing a vehicle for which various charges were incurred for goods and services for the personal benefit of the Debtors' former principal, Robert H Shapiro, and/or his wife and family and paid by the Debtors. Shapiro concealed the true nature of his dealings and the transfers which are set forth in greater detail in the attached exhibits.

**ANSWER:** Denied as untrue.

13. From the two years prior to the Petition Date, the Debtors made payments to Defendant in an amount not less than $135,367.10 (the "Two Year Transfers"); from the four years prior to the Petition Date, the Debtors made payments to Defendant in an amount not less than $161,523.10 (the "Four Year Transfers"); and total payments made to Defendant prior to the

Petition Date in an amount not less than $191,423.45 (or collectively, the "Total Transfers"). The Two-Year Transfers are particularly identified on the attached Exhibit A, which is incorporated herein by reference. The Four-Year Transfers are particularly identified on the attached Exhibit B, which is incorporated herein by reference. The Total Transfers are particularly identified on the attached Exhibit C, which is incorporated by reference. The Debtors did not receive any value in exchange for any of the Total Transfers, which were apparently made for the personal benefit of the Debtors' prepetition chief executive officer and/or his wife and family.

**ANSWER:** Denied as untrue.

14. The Plaintiff is informed and believes that at least one creditor holding an unsecured claim that is allowable under Section 502 of the Bankruptcy Code or that is not allowable under Section 502(e) of the Bankruptcy Code exists who can avoid the Total Transfers and/or obligations referred to in this Complaint. The Plaintiff may assert the rights of such creditors pursuant to Section 544(b) of the Bankruptcy Code.

**ANSWER:** MBFS neither admits nor denies the allegations in paragraph 14 of the Complaint because they call for a legal conclusion to which no response is required.

**FIRST CLAIM FOR RELIEF**

**(To Avoid Intentionally Fraudulent Transfers under 11 U.S.C. § 544(b) and 548(a)(1)(A) and Cal. Civ. Code §3439, *et seq*)**

15. Plaintiff realleges and incorporates by reference each and every allegation in the above paragraphs, as though fully set forth herein.

**ANSWER:** MBFS incorporates by reference paragraph 1- 14 of its response as if fully restated in this paragraph.

16. As the Debtors operated a Ponzi Scheme, applicable law provides that the Total Transfers were made by the Debtors to Defendant with an actual intent to hinder, delay, or defraud

creditors of the Debtors. This intent is further supported by the circumstances surrounding the Total Transfers as described above.

**ANSWER:** Denied as untrue.

17. Of the Fraudulent Transfers, those made within two years prior to the Petition Date are avoidable pursuant to 11 U.S.C. § 548(a)(1)(A) and Cal. Civ. Code § 3439, et seq., and the Transfers made within four years prior to the Petition Date are avoidable under 11 U.S.C. § 544(b) and Cal. Civ. Code § 3439, et seq. Shapiro concealed the true nature of his dealings and payments to Defendant, such that Plaintiff is entitled to recover $191,423.45. Plaintiff is entitled to an order and judgment that each of the Fraudulent Transfers is avoided.

**ANSWER:** Denied as untrue.

**SECOND CLAIM FOR RELIEF**

**(To Avoid Constructively Fraudulent Transfers under 11 U.S.C. § 544(b) and 548(a)(1)(B) and Cal. Civ. Code §3439, *et seq*)**

18. Plaintiff realleges and incorporates by reference each and every allegation in the above paragraphs, as though fully set forth herein.

**ANSWER:** MBFS incorporates by reference paragraph 1- 17 of its response as if fully restated in this paragraph.

19. Plaintiff is informed and believes, and thereon asserts that at all relevant times, the Debtors: (a) were insolvent, or became insolvent as a result of each transfer; (b) was engaged in or was about to engage in a business or a transaction for which its remaining assets were unreasonably small in relation to the business or transaction; or (c) intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due.

**ANSWER:** MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint.

20. Plaintiff is informed and believes, and thereon asserts, that Defendant did not give the Debtors, and the Debtors did not otherwise receive, reasonably equivalent value for obligations incurred or for any of the Total Transfers in that all or a substantial portion of the sums paid by the Defendant to purchase goods or finance transactions were not delivered to the Debtors. As a result, the Debtors incurred an obligation and paid more under the terms of the incurred obligations than it received in value from Defendant.

**ANSWER:** Denied as untrue.

21. At all relevant times, the Two Year Transfers were avoidable pursuant to 11 U.S.C. § 548(a)(1)(B) and Four Year Transfers are avoidable under 11 U.S.C. § 544(b) and Cal. Civ. Code § 3439, et seq. Shapiro concealed the true nature of his dealings and payments to Defendant, such that Plaintiff is entitled to recover $191,423.45. Plaintiff is entitled to an order and judgment that each of the Fraudulent Transfers is avoided.

**ANSWER:** Denied as untrue.

## <u>THIRD CLAIM FOR RELIEF</u>

**(Recovery of Property - 11 U.S.C. § 544(b) and 550 and Cal. Civ. Code §3439, *et seq*)**

22. Plaintiff realleges and incorporates by reference each and every allegation in the above paragraphs, as though set forth fully herein.

**ANSWER:** MBFS incorporates by reference paragraph 1- 21 of its response as if fully restated in this paragraph.

23. Defendant is the initial transferee of the Total Transfers, or the immediate or mediate transferee of such initial transferee.

**ANSWER:** Denied as untrue.

24. Plaintiff is entitled to avoid the Total Transfers under Sections 544 and 548 of the Bankruptcy Code, and Cal. Civ. Code §§ 3439, et seq. As Defendant is the initial, immediate, or mediate transferee of Total Transfers, Plaintiff is entitled to recover for the estate the proceeds or value of the respective Total Transfers pursuant to under 11 U.S.C. § 550 and/or Cal. Civ. Code §§ 3439, et seq

**ANSWER:** Denied as untrue.

## GENERAL DENIAL

Unless specifically admitted herein, any and all allegations and requests for relief contained in the Complaint are denied by MBFS.

## AFFIRMATIVE DEFENSES

MBFS states as its affirmative defenses the following:

1. Plaintiff's claims may be barred because of lack or failure of service of process.

2. Plaintiff's claims may be barred or limited by the applicable statute of limitations, including 11 U.S.C. § 546.

3. Plaintiff's claims may be barred or limited by the doctrine of laches.

4. Plaintiff's claims may be barred or limited by the equitable doctrine of unclean hands, waiver, estoppel or other equitable doctrine.

5. Plaintiff's claims may be barred because MBFS took all transfers for value, in good faith and without knowledge of the alleged voidability of the transfers.

6. Plaintiff's claims may be barred or limited as a result of value provided in good faith by MBFS.

7. Any damages claimed by Plaintiff, said damages being specifically denied by MBFS, were caused by the culpable conduct of third parties and not by any culpable conduct on the part of MBFS.

8. MBFS is entitled to recoupment for any credit extended to any of the Debtors or any affiliate entities.

9. MBFS is entitled to offset the actual value and the reasonably equivalent value provided by MBFS.

10. MBFS did not engage in either actual or constructive fraud, illegality or breach any duty owed to Debtors.

11. Any action taken by MBFS was not taken to hinder, delay or defraud Debtors or creditors of the Debtors.

12. Payment by Plaintiff of the Transfers was not made with actual intent to hinder, delay, or defraud creditors.

13. Discovery may reveal the existence of additional affirmative defenses and MBFS reserves its right to amend MBFS' list of Affirmative Defenses as additional facts become known during discovery.

## PRAYER FOR RELIEF

**WHEREFORE**, for the reasons stated herein, MBFS respectfully requests that this Court deny the relief sought in the Complaint; dismiss the Complaint with prejudice; and award MBFS such other relief as is reasonable and just.

Dated: December 18, 2019
Wilmington, DE

**SULLIVAN ·HAZELTINE · ALLINSON LLC**

*/s/ William A. Hazeltine*
William A. Hazeltine (Del. Bar ID 3294)
901 North Market Street, Suite 1300
Wilmington, Delaware 19801
(302) 428-8191
whazeltine@sha-llc.com

-and-

**WARNER NORCROSS & JUDD LLP**
Stephen B. Grow (P39622)
150 Ottawa N.W., Suite 1500
Grand Rapids, Michigan 49503
(616) 752-2000
sgrow@wnj.com

*Attorneys for Mercedes Benz Financial Services USA LLC*