IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WOODBRIDGE GROUP OF COMPANIES, LLC, *et al.*,[1]<br><br>Remaining Debtors. | Chapter 11<br><br>Case No. 17-12560 (BLS)<br><br>(Jointly Administered)<br><br>Adv. Proc. No. 19-50858 (BLS) |
| MICHAEL GOLDBERG, as Liquidating Trustee of the Woodbridge Liquidation Trust, successor in interest of the estates of WOODBRIDGE GROUP OF COMPANIES, LLC, *et al.*,<br><br>Plaintiff,<br><br>v.<br><br>ASPEN GLEN, GOLF CLUB MANAGEMENT COMPANY a/k/a Aspen Glen; CLUBCORP HOLDINGS, INC.,<br><br>Defendants. | |

**ANSWER TO SECOND AMENDED COMPLAINT**

Defendants Aspen Glen Golf Club Management Company ("Aspen Glen") and ClubCorp Holdings, Inc. ("ClubCorp") (collectively, "Defendants"), for their answer to the plaintiff's second amended complaint ("Complaint"), state and allege as follows:

**General Denial**

Except as hereinafter expressly admitted, Defendants deny each and every allegation and legal conclusion in the Complaint. Further, to the extent Defendants state that any of the

[1] The Remaining Debtors and the last four digits of their respective federal tax identification numbers are as follows: Woodbridge Group of Companies, LLC (3603) and Woodbridge Mortgage Investment Fund 1, LLC (172). The Remaining Debtors' mailing address is 14140 Ventura Boulevard, #302, Sherman Oaks, California 91423.

allegations in the Complaint do not require a response, state a legal conclusion, speak for themselves, or some other qualification, but an admission or denial is required, Defendants deny all such allegations in the Complaint.

**Nature of the Action**

1. Paragraph 1 of the Complaint contains the Plaintiff's characterizations of the cause of action he alleges and does not require a response.

**The Parties**

2. With respect to the allegations in Paragraph 2 of the Complaint, Defendants state that the Plan, Confirmation Findings, and Liquidating Trust Agreement referenced therein speak for themselves.

3. Aspen Glen admits it is a corporation formed under the laws of the State of Colorado and that it operates the Aspen Glen Club in Carbondale, Colorado. ClubCorp admits that it is a corporation formed under the laws of the State of Nevada. ClubCorp denies that it operated the Aspen Glen Club in Carbondale, Colorado. ClubCorp lacks sufficient knowledge or information as to the truth of the remaining allegations in Paragraph 3 of the Complaint and, therefore, denies them.

**Jurisdiction and Venue**

4. Paragraph 4 of the Complaint contains legal conclusions to which no response is required.

5. Paragraph 5 of the Complaint contains legal conclusions to which no response is required.

6. Paragraph 6 of the Complaint contains legal conclusions and a statement of Plaintiff's consent to the court's entry of final orders or judgment, to which no response is

required. Pursuant to Local Bankruptcy Rule 7012-1, Defendants consent to the entry of final orders or judgment by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

7. Paragraph 7 of the Complaint contains legal conclusions to which no response is required.

8. Paragraph 8 of the Complaint contains legal conclusions to which no response is required.

## Case Background

9. Paragraph 9 of the Complaint describes events from the Court's docket; no response is required.

10. Paragraph 10 of the Complaint describes events from the Court's docket; no response is required.

## Facts

11. With respect to the allegations in Paragraph 11 of the Complaint, Defendants state that the Order identified therein speaks for itself.

12. Aspen Glen admits that it operates a private social, golf and fitness club and that Robert H. Shapiro had an account at the club. Aspen Glen denies all of the remaining allegations in Paragraph 12 of the Complaint. ClubCorp denies that it is in the business of providing benefits and privileges of a private social and fitness club. ClubCorp lacks sufficient knowledge or information as to the truth of the remaining allegations in Paragraph 12 of the Complaint and, therefore, denies them.

13. Aspen Glen admits that it received the transfers listed on the exhibits. Aspen Glen denies all the other allegations in Paragraph 13 of the Complaint. ClubCorp denies the allegations in Paragraph 13 of the Complaint. ClubCorp affirmatively asserts that it did not receive any of the transfers identified in the Plaintiff's exhibits.

14. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint and, therefore, deny them.

## FIRST CLAIM FOR RELIEF

### (To Avoid Intentionally Fraudulent Transfers under 11 U.S.C. §§ 544(b) and 548(a)(1)(A) and Ca. Civ. Code § 3439, *et seq*.)

15. Paragraph 15 is a statement of incorporation to which no response is required. To the extent a response is required, Defendants restate and reallege their responses to Paragraphs 1-14.

16. Defendants admit that the court has made findings of fact that the Debtors operated a Ponzi scheme. The remainder of Paragraph 16 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the remaining allegations in Paragraph 16 of the Complaint.

17. Paragraph 17 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 17.

## SECOND CLAIM FOR RELIEF

### (To Avoid Constructively Fraudulent Transfers under 11 U.S.C. §§ 544(b) and 548(a)(1)(B) and Ca. Civ. Code § 3439, *et seq*.)

18. Paragraph 18 is a statement of incorporation to which no response is required. To the extent a response is required, Defendants restate and reallege their responses to Paragraphs 1-17.

19. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint and, therefore, deny them.

20. Aspen Glen denies that it did not give the Debtors reasonably equivalent value for obligations incurred. ClubCorp denies that it received any transfers from the Debtors. Defendants deny the remaining allegations in Paragraph 20 of the Complaint.

21. Paragraph 21 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 21.

**THIRD CLAIM FOR RELIEF**

**(Recovery of Property – 11 U.S.C. §§ 544(b) and 550,
and Cal. Civ. Code § 3439 et seq.)**

22. Paragraph 22 is a statement of incorporation to which no response is required. To the extent a response is required, Defendants restate and reallege their responses to Paragraphs 1-21.

23. Aspen Glen admits that it received the transfers. ClubCorp denies the allegations in Paragraph 23 of the Complaint.

24. Paragraph 24 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 24.

**AFFIRMATIVE DEFENSES**

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff's Complaint fails to allege with the particularity required under the Rules the existence of a predicate creditor who had a right to payment from the Plaintiffs and who could have pursued the fraudulent transfer claims on the date of the bankruptcy filings and in the absence of the bankruptcy filings.

3. Plaintiff's Complaint fails to state claims for any of the transfers from Woodbridge Structured Funding, LLC because Woodbridge Structured Funding, LLC is not a party to this action and Plaintiff errs in assuming that substantive consolidation allows him to pursue the claims of Woodbridge Structured Funding, LLC.

4. Plaintiff's Complaint fails to state claims for any of the transfers from Woodbridge Structured Funding, LLC because the Plaintiff fails to allege the existence of a creditor of Woodbridge Structured Funding, LLC who could have pursued the fraudulent transfer claims on the date of the bankruptcy filing and in the absence of the bankruptcy filings.

5. Plaintiff's Complaint fails to state a claim for actual fraudulent transfer because Plaintiff's claim relies on the Ponzi Scheme Presumption and Plaintiff does not and cannot allege that any of the transfers were "in furtherance of" a Ponzi scheme.

6. Plaintiff's claims fail as to Defendant ClubCorp because ClubCorp did not receive any transfers from or traceable to the Debtors.

7. Even if Defendant ClubCorp had received any transfer traceable to the Debtors, Plaintiff's claims would fail as to Defendant ClubCorp because ClubCorp acted in good faith, and without knowledge of the voidability of any transfer, and the initial transferee took for value, including satisfaction of a present or antecedent debt.

8. Plaintiff's claims fail as to Defendant Aspen Glen because Aspen Glen acted in good faith, and without knowledge of the voidability of any transfer, and took for value, including satisfaction of a present or antecedent debt.

9. Plaintiff's claims are barred by any or all of the affirmative defenses identified and contemplated by Fed. R. Civ. P. 8(c). The extent to which the claims may be barred by one or more of these affirmative defenses, not specifically set forth above, cannot be determined until

discovery takes place. Accordingly, ClubCorp reserves the right to assert any additional affirmative defenses that may arise out of further investigation and discovery in this matter.

**PRAYER FOR RELIEF**

**WHEREFORE**, Defendant respectfully requests that the Court enter judgment as follows:

a. Dismissing the Complaint with prejudice;

b. Taxing the costs of the action to Plaintiff; and

c. Awarding such other relief as the Court deems just and proper.

Dated: September 25, 2020

**TAFT STETTINIUS & HOLLISTER LLP**

By: */s/ Karl J. Johnson*
John R. McDonald (#168592)
Karl J. Johnson (#391211)
2200 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402-2157
Telephone: (612) 977-8400
Facsimile: (612) 977-8650
Email: jmcdonald@taftlaw.com
kjohnson@taftlaw.com

and

**ASHBY & GEDDES, P.A.**

*/s/ Benjamin W. Keenan*
William P. Bowden (#2553)
Benjamin W. Keenan (#4724)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19801
Telephone: (302) 654-1888
Email: wbowden@ashbygeddes.com
bkeenan@ashbygeddes.com

**ATTORNEYS FOR DEFENDANTS**